IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

DONALD R. SCOTT and
MELISSA J. SCOTT,

      Plaintiffs,

v.                                  Case No: 3:10-cv-24

GMAC MORTGAGE, LLC,

      Defendant.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER DEEMING CERTAIN ALLEGATIONS ADMITTED**

**I.    INTRODUCTION**

The Federal Rules of Civil Procedure (hereinafter "FRCP") require that Defendant GMAC (hereinafter "Defendant") state in short and plain terms its defenses to the claims asserted and that Defendant admit or deny the averments upon which the Plaintiffs rely in their Complaint. FRCP Rules 8 (b) (1) (A) and (B). Defendant's denials must fairly meet the substance of the averments denied. FRCP Rule 8 (b) (2).

> [A] defendant's pleading should apprise the opponent of those
> allegations in the complaint that stand admitted and will not be in
> issue at trial and those that are contested and will require proof to
> be established to enable the plaintiff to prevail. . . .
>
> . . . .
> If an answer is not sufficiently definite in nature to give reasonable
> notice of the allegations in the complaint sought to be placed in
> issue, the opponent's averments may be treated as admitted.

5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1261, at 526 – 528 (3rd Ed. 2004).

The Rules provide that a party who is without knowledge or information sufficient to form a belief as to the truth of an averment to so state, which has the effect of a denial [See FRCP 8 (b) (5)] however, an assertion of lack of knowledge is ineffective if the fact to which it relates is something that is necessarily within the defendant's knowledge.

> Furthermore, an assertion of lack of knowledge is ineffective if the fact to which it relates is known by the court to be so plainly and necessarily within the defendant's knowledge that any averment of ignorance must be palpably untrue and made in bad faith, and the fact stands admitted. The failure of a defendant to frankly reply on a matter which it must have within its knowledge exhibits a lack of fairness which completely discredits the defendant's claim of lack of sufficient information.

61A Am Jur 2d Pleading, § 340.

Plaintiffs' Complaint alleges that Defendant placed mortgage insurance on their mortgage contrary to: 1) Plaintiffs' requirements; 2) Defendant's own representations; and 3) statutory notice requirements. The Complaint also alleges that Defendant concealed the existence of the lender paid mortgage insurance and that as a result of Defendant's conduct Plaintiffs have suffered actual damages, including paying a higher interest rate over the term of the mortgage and not being able to refinance their mortgage.

## II. ARGUMENT

### A. Defendant invokes a pattern of repeated equivocal answers that fail to serve as denials under Rule 8 (b).

Defendant's Answer contains responses to several of the allegations that are deficient to serve as denials for reasons that fall into two basic categories. One category includes the responses to paragraphs 5, 6, 7, 11, 16, 18, 20, 23, 24, 25, 28 and 29 of the Complaint, where Defendant states: "The allegations of Paragraph . . . refer to documents, which speak for

themselves. *To the extent the allegations vary* from those documents, the allegations are denied." (Emphasis added).

FRCP Rule 8 (b) (4) provides that when a pleader intends in good faith to deny only a part of a qualification of an allegation, the pleader must specify so much of the allegation as is true and deny the rest. Defendant's responses which fall into this first category are not "sufficiently definite in nature" so as to provide reasonable notice of the allegations in the Complaint sought to be placed in issue. In addition, several of the allegations referenced in these responses were not based solely on documents.

The deficiency of these responses is illustrated in paragraph 5. Paragraph 5 of the Complaint states:

> Plaintiffs applied for a residential refinance loan with Defendant, and on or about August 6, 2007, Defendant issued a "written confirmation of its approval, including any applicable closing conditions," (12 U.S.C. §4905(a)(3)) of Plaintiffs' application for a residential mortgage loan. A copy of Defendant's Mortgage Loan Commitment is attached hereto as Exhibit A and incorporated herein.

Defendant's response to this allegation is:

> The allegations of Paragraph 5 refer to documents, which speak for themselves. To the extent the allegations vary from those documents, the allegations are denied.

Defendant's response is utterly deficient to serve as a denial. The allegation does not merely assert that a document contains certain terms, and as a result, Defendant has failed to deny any of the factual allegations including the following: 1) that Plaintiffs applied for a loan with Defendant; 2) that, or on about August 6, 2007, Defendant issued a confirmation of its loan approval and closing conditions; and 3) that a copy of Defendant's loan commitment was attached to the Complaint at Exhibit "A". Moreover, the answer is also deficient to serve as a

denial since it fails to specify what particular allegations, if any, Defendant contends "vary" from the documents. As a result Plaintiffs and the Court are simply left to guess.

Defendant adopted this same response in its answers to paragraphs 6, 7, 11, 16, 18, 20, 23, 24, 25, 28 and 29 of the Complaint. For the same reasons as those just stated, all of these responses are deficient to serve as denials and, therefore, Defendant should be deemed to have admitted the allegations made in the corresponding paragraphs of the Complaint.

**B.    Defendant improperly asserts that it lacks knowledge or information about its own conduct.**

The other category of deficient responses is where Defendant repeatedly states that it is without sufficient knowledge or information to form a belief as to the truth of allegations concerning Defendant's own conduct. These responses, deficient to serve as denials, were repeatedly made in paragraphs 10, 11, 18 and 19 of the Answer.

Paragraph 10 of the Complaint avers:

> Accordingly, Plaintiffs had no reason to know, and in fact did not know, at any time prior to or at closing, that *Defendant required that the Loan be burdened by, and that the Loan was in fact burdened by, lender paid mortgage insurance.* (Emphasis added).

Defendant's response to this allegation was: "GMAC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 10, and therefore, must deny the same." While it is one thing for Defendant to claim that it is without knowledge or information about what Plaintiffs knew, it is an entirely different thing for Defendant to state that it is without knowledge or information about whether it in fact required that the Loan be burdened by lender paid mortgage insurance as alleged, or that the Loan was in fact burdened by lender paid mortgage insurance.

4

Defendant's tactic of trying to avoid meeting the allegations in this way is not countenanced under the Rules. For example, in *David v. Compton & Knowles Corp.* 58 F.R.D. 444 (1973 ED Pa) the court held that an answer to a complaint which states that a party lacks sufficient information or knowledge is subject to the requirements of honesty in pleading and a party may not deny sufficient information or knowledge with impunity, and an averment will be deemed admitted when a matter is obviously one as to which the defendant has knowledge or information.

Similarly, in a case where a defendant answered that it was without knowledge or information as to whether it lacked a contractor's license, the court held that the company's sole proprietor should have known if he or his company lacked a contractor's license, and thus the homeowner's allegations of a lack of such license were deemed admitted. *Djourabchi v. Self*, 240 F.R.D. 5 ( 2006 DC Dist Col).

Paragraph 11 of the Complaint alleged:

> In fact, Plaintiffs' primary purpose in obtaining the Loan was to shed the buyer paid mortgage insurance that was on the previous GMAC loan that Plaintiffs were refinancing in August, 2007. Plaintiffs were very clear in their desire in this regard and *the GMAC loan officer with whom Plaintiffs worked on the Loan, who was acting within the scope of his employment, repeatedly told Plaintiffs that Defendant would not require any mortgage insurance as a part of the Loan.* Plaintiffs believed and relied upon this misrepresentation, which *Defendant further promoted through the absence of any reference to mortgage insurance on the HUD-1; a fact which Defendant subsequently relied on to claim that there was no mortgage insurance on the Loan even though there was, i.e., "if there was mortgage insurance on the Loan it would have been itemized on the HUD-1." A copy of the HUD-1 is attached hereto as Exhibit C and incorporated herein.* (Emphasis added).

Defendant's response to this allegation was:

> GMAC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph11, and therefore, must deny the same. To the extent the allegations of Paragraph 11 refer to documents, those documents speak for themselves. To the extent the allegations vary from the documents, the allegations are denied.

This response is deficient to serve as a denial both because it asserts lack of knowledge or information about Defendant's own conduct and because it contains the same equivocal response noted above as to denying the allegations "to the extent they vary from the documents." Paragraph 11 of the Complaint contained several averments of matters about which Defendant would obviously have knowledge or information. Such matters include the following:

1. Whether Defendant's own loan officer with whom Plaintiffs worked on the Loan, was acting within the scope of his employment;

2. Whether Defendant's own loan officer repeatedly told Plaintiffs that Defendant would not require any mortgage insurance as a part of the Loan;

3. Whether Defendant further promoted a misrepresentation that there was no lender paid mortgage insurance through the absence of any reference to mortgage insurance on the HUD-1;

4. Whether Defendant subsequently claimed that there was no mortgage insurance on the Loan even though there was; and

5. Whether a copy of the HUD-1 was attached to the Complaint as Exhibit C.

Defendant obviously knows what capacity its own loan officer was acting in the Loan with Plaintiffs, what the officer told Plaintiffs about Defendant's Loan, whether the HUD-1 statement for one of its own loans contained any reference to mortgage insurance and whether the HUD-1 statement attached to the Complaint for one of Defendant's own loans is a true and accurate copy.

Paragraph 18 of the Complaint averred:

> When Plaintiffs discovered that Freddie Mac was still registering that there was mortgage insurance on the Loan, Plaintiffs

> confronted Defendant directly. *Defendant initially stated that there was no lender paid mortgage insurance on the Loan.* Then when Plaintiffs subsequently produced evidence that this was not true, *Defendant claimed that Freddie Mac was the "lender" responsible for the mortgage insurance on the Loan, not Defendant.* When this also proved to be untrue, *Defendant stated that the lender paid insurance would terminate on its own in 2012,* which was also false. When Plaintiffs kept pressing, *Defendant finally acknowledged to Plaintiffs for the first time that there was lender paid mortgage insurance on the Loan.* (Emphasis added).

Defendant's response to paragraph 18 of the Complaint was identical to its response to paragraph 11 quoted above, being as follows:

> GMAC is without knowledge or information sufficient to form a belief as to the allegations of Paragraph18, and therefore, must deny the same. To the extent the allegations of Paragraph 18 refer to documents, those documents speak for themselves. To the extent the allegations vary from the documents, the allegations are denied.

Obviously, Defendant cannot honestly and in good faith state that it is without knowledge or information about its own conduct, including the following averments made in paragraph 18 of the Complaint:

    1)    Whether Defendant initially stated that there was no lender paid mortgage insurance on the Loan;

    2)    Whether Defendant claimed that Freddie Mac was the "lender" responsible for the mortgage insurance on the Loan, not Defendant;

    3)    Whether Defendant stated that the lender paid insurance would terminate on its own in 2012; and

    4)    Whether Defendant finally acknowledged to Plaintiffs for the first time that there was lender paid mortgage insurance on the Loan.

Plaintiffs alleged in paragraph 19 of the Complaint that:

> Throughout, *Defendant continued to report mortgage insurance on the Loan to Freddie Mac* and because of this, Plaintiff's aforementioned locked-in rate of 4.75% for the refinance of the Loan expired and they were unable to proceed with the refinance

of the Loan, which would have saved them $360.90 each month, or $129,924.00 over the life of the Loan. (Emphasis added).

Defendant, again asserted that it was without knowledge or information – which knowledge or information it most certainly could not have been without as to its own conduct. Obviously, Defendant cannot be without knowledge or information about whether it reported mortgage insurance on the Loan to Freddie Mac.

### III. CONCLUSION

Defendant's responses to the allegations contained in paragraphs 5, 6, 7, 10, 11, 16, 18, 19, 20, 23, 24, 25, 28 and 29 of the Complaint are deficient to serve as denials under the Rules and accordingly, the Court should enter an order deeming those allegations admitted in this case.

Respectfully submitted,

DONALD R. SCOTT and
MELISSA J. SCOTT

By: _____
Counsel

JONATHAN T. WREN, VSB #40304
JOHN B. SIMPSON, VSB #38759
MartinWren, P.C.
1228 Cedars Court
Charlottesville, Virginia 22903
(434) 817-3100 (phone)
(434) 817-3110 (fax)
*Counsel for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed with the Clerk of the Court using the CM/ECF system a true and correct copy of the foregoing and that same was mailed, postage prepaid, this 18th day of June, 2010, to the following parties:

>Jason E. Manning, Esq.
>Troutman Sanders LLP
>222 Central Park Avenue, Suite 2000
>Virginia Beach, VA  23462
>
>Attorney for Defendant GMAC Mortgage LLC

_____
John B. Simpson

\\Mr2\clients\(2010) clients\10-041 Scott, Donald and Melissa - Dispute with GMAC\Pleadings\Memorandum in Support of Motion to Deem.docx