```
 1                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF VIRGINIA
 2                       Charlottesville Division

 3   DONALD R. SCOTT and              Civil No. 3:10cv00024
     MELISSA J. SCOTT,
 4
                    Plaintiffs,
 5
                vs.                   Charlottesville, Virginia
 6
     GMAC MORTGAGE, LLC,
 7
                    Defendant.        February 24, 2011
 8

 9             TRANSCRIPT OF TELEPHONE HEARING
          BEFORE THE HONORABLE B. WAUGH CRIGLER,
10            UNITED STATES MAGISTRATE JUDGE

11
     APPEARANCES:
12
     For the Plaintiffs:
13                                    Martin & Raynor
                                      JONATHAN T. WREN
14                                    1228 Cedars Court
                                      Charlottesville, VA 22903
15
     For the Defendant:
16                                    Troutman Sanders LLP
                                      JASON E. MANNING
17                                    222 Central Park Ave.
                                      Suite 200
18                                    Virginia Beach, VA 23462

19   Court Reporter:                  Sonia R. Ferris, RPR
                                      U.S. Court Reporter
20                                    255 W. Main St. Room 304
                                      Charlottesville, VA 22902
21                                    434-296-9284

22

23

24
     Proceedings recorded by mechanical stenography;
25   transcript produced by computer.
```

1          THE COURT:  Let me call the case and let's
2   see where we are here.
3          This is 3:10CV24, Donald and Melissa Scott
4   versus GMAC Mortgage, LLC.
5          Mr. Manning is on for the defendant and Mr.
6   Wren is on for the plaintiff.
7          The Court convened this telephonic hearing
8   with a Court Reporter, in light of Mr. Manning's
9   February 21st letter to the Court and Mr. Wren's
10  February 23rd response.
11         I do want to say to Mr. Manning, I would
12  have attempted to accommodate your present schedule, but
13  there were just too many players involved to deal with
14  that at the last minute, so please accept the Court's
15  apologies for not being able to accommodate your request
16  to extend this to 3:00.
17         MR. MANNING:  No problem, Judge.  I can redo
18  the deposition later.
19         THE COURT:  The reason we're here is that
20  the letter raised some issues about information being
21  obtained from Crown Mortgage in which my son is a
22  principle and from what I can glean from the letters,
23  it's historical information about rate sheets back in,
24  what was it, 2006 or '7/?  I don't have the dates
25  sitting in front of me.

```
 1              I wanted to find out from the defendant, is
 2   there a request for me to recuse myself from the case
 3   because, I mean, all of this is news to me and certainly
 4   I don't know what position the defendant is taking based
 5   on these facts.
 6              MR. MANNING:  Judge, this is Jason Manning
 7   for GMAC Mortgage.
 8              It was news to us also.  Our concern is not
 9   with Your Honor so much as the expert who has, it
10   appears, deliberately attempted to reach out to your
11   son, knowing that you are assigned to the case, and then
12   not disclosing that fact, while still soliciting
13   information from your son, from a time period when GMAC
14   Mortgage, as the expert admits, may have been a
15   competitor with your son's businesses, with locations in
16   Charlottesville.
17              THE COURT:  That still doesn't answer my
18   question.  Are you asking me to recuse myself from the
19   case?
20              MR. MANNING:  Judge, we're not making that
21   request at this point because we are going to file a
22   motion to exclude the expert and we believe that that is
23   improper contact.  It appears to have been deliberate by
24   the expert.  It has the potential for biassing the jury
25   in this case and we believe it was inappropriate and
```

```
 1   deliberate by the expert.  So at this point, what we're
 2   going to do is file the motion and I'm not making a
 3   request for Your Honor to recuse himself.
 4              THE COURT:  That motion will be heard by
 5   Judge Moon or whoever is sitting in the case.
 6              Who is this case assigned to; Judge Moon?
 7              MR. MANNING:  That's right.
 8              THE COURT:  I won't hear the motion
 9   whatsoever.  Whatever basis you have for that will be
10   what you have to present to the Court.  The only
11   question that I needed to address with the parties is
12   whether the defendant is seeking recusal, my recusal,
13   and if so, I was going to put everybody on a briefing
14   schedule for that.  But if it only deals with the issue
15   of whether the expert is able to testify and if so, to
16   what extent and so forth, that's going to be up to Judge
17   Moon.  That's a part he'll just have to handle.
18              MR. MANNING:  As I understand, Judge, the
19   issue is resolved if the expert is excluded.  In the
20   event he is not and we end up going to trial --
21              THE COURT:  Wait a minute.  We've got to
22   deal with this case as it stands and the question I have
23   is whether there's any conflict of interest simply by
24   virtue of -- I guess you'll raise the question if Judge
25   Moon overrules your objection or your motion?
```

```
 1              MR. MANNING:  I'm really not sure I follow
 2  you, Judge.
 3              THE COURT:  You said the issue is resolved.
 4  What issue is there to be resolved if you're not moving
 5  for my recusal?
 6              MR. MANNING:  Well, I believe that the
 7  expert's contact here and the expert's conduct in
 8  contacting your son about something that happened back
 9  in 2007, which it invites the question as to why him,
10  Judge, because we're not sure how close they are.  It
11  appears they're not very close, but he deliberately
12  reached out to contact him for some unknown reason and
13  then used those rate sheets that your son provided as a
14  basis for his expert report.
15              I think it raises the concern of at least
16  the potential for appearance of impropriety in front of
17  the jury, but that issue need not be briefed if the
18  expert is excluded pursuant to our motion.
19              THE COURT:  I'm just not following because
20  it would only come before the jury if for some reason
21  the issue of some relationship is brought up and the
22  question I have is, if you're moving for me to recuse
23  myself, then I will address it in an appropriate
24  fashion.  If you're not, then there's nothing for me to
25  do at this time until and unless there is a motion for
```

```
 1  recusal and if you're seeking to exclude the evidence
 2  for some reason that you've formulated, then that's a
 3  matter for Judge Moon to resolve one way or the other.
 4            Do you agree with that?
 5            MR. MANNING:  I'm not really sure, Judge.  I
 6  understand -- that seems reasonable to me.  I am not
 7  making a motion for you to recuse yourself.  I think
 8  we're in agreement on that.
 9            THE COURT:  If there's no motion to recuse
10  based on these letters, then I'm just going to treat the
11  letters as letters because I don't see a conflict that
12  would be automatic recusal unless there's a basis for
13  it.  It's just like going to Wal-Mart, if my son was a
14  manager of Wal-Mart, and asking Wal-Mart for some
15  historical information.  Right now, that's all I know.
16  There's no basis for me to sue sponte recuse myself
17  based on the letters and unless you're moving for me to
18  recuse myself, you need to take up your motion for
19  exclusion of the evidence with Judge Moon.
20            Do you agree with that?
21            MR. MANNING:  That's what we intend to do,
22  Judge.
23            THE COURT:  Mr. Wren, do you want to add
24  anything to the conversation?
25            MR. WREN:  At this point, I don't have
```

```
 1  anything to add, Your Honor.
 2              THE COURT:  If that's all that these letters
 3  did, then there's nothing for me to do and I just wanted
 4  to make sure that the record was clear about what these
 5  letters were intended to purvey, information, and what
 6  they were seeking the Court to do, which is nothing at
 7  this time, and whatever motion Mr. Manning wants to file
 8  on behalf of GMAC with respect to the inclusion or
 9  exclusion of the expert, that's a matter for the trial
10  Court to determine based on the process that he and I
11  developed over the years where he rules on his own
12  motions to exclude evidence.
13              MR. MANNING:  Okay, Judge.
14              Just to make sure I'm clear on the record,
15  the letters were driven by what we believe is a serious
16  issue -- though you're right, we're not asking for Your
17  Honor to recuse yourself -- because we believe the
18  impropriety here is by the expert.
19              THE COURT:  Mr. Manning, let me just inform
20  you of one thing.  I don't think the rules have changed
21  simply because there's electronic filing and the rules
22  say that pleadings and every other thing is not a
23  pleading that's contained in the record of the case.  So
24  if it's not to be construed as a pleading in that it's a
25  motion to recuse the Court, then I'm just going to treat
```

```
 1  it as a communication that I'm not going to respond to
 2  because I'm not asked to respond to it.  You can do what
 3  you wanted to with it with Judge Moon and we'll see what
 4  happens afterwards.
 5           MR. MANNING:  That's, fair, Judge.  We just
 6  wanted to inform the Court because we believe it's
 7  something that shouldn't lie dormant and we will take it
 8  up with Judge Moon.
 9           THE COURT: Anything further, Mr. Wren?
10           MR. WREN:  No, sir.
11           THE COURT:  With that, these proceedings are
12  concluded.
13
14
15  "I certify that the foregoing is a correct transcript
16  from the record of proceedings in the above-entitled
17  matter.
18
19
20  /s/ Sonia Ferris                   March 8, 2011
21
22
23
24
25
```