IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

DONALD R. SCOTT and
MELISSA J. SCOTT,

    **Plaintiffs,**

v.                                                     Civil Action No. 3:10-cv-24

GMAC MORTGAGE, LLC,

    **Defendant.**

## DEFENDANT'S MOTION TO RECONSIDER AND ALTERNATIVE PETITION TO CERTIFY INTERLOCUTORY APPEAL

Defendant GMAC Mortgage, LLC ("GMAC"), by counsel, submits this motion to reconsider the Court's Memorandum Opinion entered April 13, 2011 ("April 13 Opinion," ECF #201) and, in the alternative, petition for the Court to certify an interlocutory appeal of the Default Order.

### I.    INTRODUCTION

GMAC admits and acknowledges that its discovery conduct on the issue of Loan information in the Pilot program was not in compliance with the Rules. GMAC regrets that unique issues with the identification, collection, and production of that information here led to its admittedly late production of the documents. These issues are not representative of GMAC's discovery conduct in this litigation as a whole.[1] GMAC understands the Court's concern over discovery of Loan information in the Pilot program during this litigation, and apologizes for its

---

[1] GMAC produced over 1000 pages of documents, 173 responses to requests for admission, 39 responses to interrogatories with an additional 48 discrete subparts, and 5 witnesses for depositions in this case regarding the disclosure of mortgage insurance on a single residential loan. The Pilot program is a discontinued proprietary system maintained solely for archive purposes. None of these facts, however, excuse GMAC's non-compliance on the issue of the Pilot screenshots.

1

untimely production. However, GMAC believes that imposing the ultimate penalty (default) does not fit the violation (untimely production of the Pilot program)—particularly in light of the fact that this penalty was imposed without the requisite prior warning.

Accordingly, GMAC respectfully requests that the Court reconsider its entry of default judgment against GMAC on liability for fraud as contrary to controlling precedent from the Fourth Circuit that requires the district court to issue a clear warning that default may imposed as a sanction for failure to comply with specific discovery obligations. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n.2 (4th Cir. 1987); *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503 (4th Cir. 1977).

Here, the record is clear that the Court did not warn GMAC that failure to produce information on the Pilot program would result in default. In fact, at no time prior to the March 18, 2011 hearing when it entered default judgment did the Court (or Plaintiffs) ever even mention default as a possible discovery sanction:

- The Court did not order GMAC to produce information from the Pilot program—the Court did not grant Plaintiffs' motion to compel and never mentioned the Pilot program during the January 20, 2011 hearing; and

- The Court did not warn GMAC that failure to comply with its discovery obligations would result in entry of default judgment against the company—the Court never mentioned the default as a potential sanction during the January 20, 2011 hearing.

Therefore, GMAC respectfully requests that the Court reconsider its April 13 Opinion entering default judgment against GMAC on liability for fraud as a discovery sanction as clear legal error under established Fourth Circuit. GMAC did not violate a discovery order

2

from the Court, the Court had never mentioned let alone warned GMAC that default was a potential sanction (nor did Plaintiffs request default in their motion), and the Court never mentioned discovery from the Pilot program prior to the hearing imposing default. The effect of the April 13 Opinion is manifest injustice to GMAC under controlling law.

In the alternative, GMAC requests that the Court certify its entry of default in the April 13 Opinion for interlocutory appeal under 28 USC § 1292(b) and Fed. R. App. P. 5(a)(3). The Court interpreted the Fourth Circuit precedent as *not* holding "that notice is *per se* dispositive" such that prior notice of default is not necessary. The Court further held that even if it was required to provide prior notice to GMAC before sanctioning it with default for non-compliance, it had "substantially satisfied the notice requirement imposed by the caselaw" by mentioning the "wide range"[2] of sanctions available. (ECF #201, p. 13-14). This is a controlling question of law on the a critical prerequisite to imposition of default judgment, and the Court has a substantially different interpretation and application than prior Fourth Circuit precedent.

## II. ARGUMENT

**A. Legal Standard**

    **1. Motion to Reconsider**

Motions for reconsideration of interlocutory orders are not subject to the strict standards applied to motions for reconsideration of a final judgment. *Am. Canoe Ass'n. v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (reversing the court's denial of a motion for reconsideration of its ruling on the party's motion for summary judgment holding that the district court abused its discretion in denying the motion for reconsideration). This is because a district court retains the power to reconsider and modify its interlocutory judgments, including

---

[2] A complete copy of the transcript of the January 20, 2011 hearing on Plaintiffs' motion to compel with Magistrate Judge Crigler is attached hereto as Exhibit A.

partial summary judgments, at any time prior to final judgment when such is warranted. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); Fed. R. Civ. P. 54(b) (providing that interlocutory orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment"). This power of reconsideration is committed to the discretion of the district court. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (stating that courts recognize three grounds for amending an earlier judgment: (1) an intervening change in controlling law, (2) the emergence of evidence not previously available, and (3) the correction of a clear error of law or the prevention of manifest injustice).

### 2. Petition to Certify Interlocutory Appeal

Under 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(d)(3), interlocutory non-appealable orders can be certified by the district court for appeal. Section 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable … shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

If the decision has not been certified as immediately appealable under section 1292(b), the party seeking an interlocutory appeal may petition the Court for certification. *See* Fed. R. App. P. 5(d)(3); *Young v. Sheetz, Inc.*, 998 F. Supp. 670, 673 (W.D. Va. 1998). The Court's April 13 Opinion is interlocutory because it did not end the action or resolve all the claims, and the Court did not certify its entry of default judgment for interlocutory appeal. Accordingly, GMAC

4

requests that the Court certify for immediate appeal its interpretation and application of the Fourth Circuit's notice requirement.

### B. The Fourth Circuit Requires Clear and Explicit Notice of Default Before Entry as a Discovery Sanction.

Controlling Fourth Circuit precedent requires a clear and explicit warning of default as a discovery sanction before it can be imposed. *See, e.g.*, *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("[A] party is entitled to be made aware of the drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid the sanction."); *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 472-73 (4th Cir. 1993) (reversing dismissal of the action with prejudice for failure to comply with the court's order finding that "Because the district court's order did not specify **explicitly and clearly** that Choice's failure to move to reopen its action within thirty days would result in prejudicial dismissal, we find that the dismissal of Choice's first action was without prejudice.") (emphasis added). The Fourth Circuit explained that **"explicit and clear notice"** is "demanded both by fairness to the plaintiff and by the sound public policy of deciding cases on their merits and poses no significant burden on district courts" and "[c]onsiderations of constitutional due process also suggest that the district court's warning must be explicit and clear." *Choice Hotels*, 11 F.3d at 471 n. 2, 473 (citations omitted, emphasis added); *see also Malhotra v. KCI Techs., Inc.*, 240 Fed. Appx. 588, 590 (4th Cir. 2007) (citing *Choice Hotels* as requiring an **"explicit and clear"** warning before imposing the ultimate discovery sanction for violating the court's discovery orders) (emphasis added).

### C. The Court Imposed the Ultimate Sanction without Prior Notice that Default would be the Consequence for Non-Compliance on Discovery of the Pilot Program.

The Court never warned or provided any notice to GMAC that failure to timely produce information from the Pilot program would be sanctionable with entry of default

5

judgment against it. During the January 20, 2010 hearing on Plaintiffs' motion to compel, neither the Court nor the Plaintiffs ever mentioned the Pilot program or default judgment as a sanction. Ex. A. The most severe discovery sanction the Court mentioned or contemplated was during the hearing was exclusion of evidence, but the Court withheld any judgment or ruling because it had not found any fault. *See* Ex. A p. 15, 17-18, 22-24. In its April 13 Opinion, the Court relied on the Magistrate Judge's reference to a "wide range" range of sanctions. However, that language is a quote from a paragraph in which the Court made clear that it was *not* finding fault or considering "death penalties":

> Well, just keep in mind there's a wide range of sanctions that can be imposed, including preventing a party from examining a witness about that [sic] the information to provide the answer would have come from the examining party. **I mean there are all of those ranges, because were not talking about death penalties here, we're just talking about where the problem lies, whose fault it is, and I don't know.**

Ex. A p. 22-23 (emphasis added). The Court rejected "death penalties" as an option, but that is exactly the sanction it imposed here against GMAC. Entry of default judgment is the ultimate, most extreme punishment the Court can impose on a defendant in civil litigation. Further, the Court clearly stated that it was not finding fault between the parties in their discovery dispute. In fact, Plaintiffs did not even request entry of default as a discovery sanction in their motion filed March 8, 2011 (ECF #88). Plaintiffs' motion for sanctions was limited to seeking the exclusion of evidence and the possibility of default was not raised until the expedited hearing on March 18, 2011 where the Court imposed that sanction.

As a matter of overwhelming authority from the Fourth Circuit, the lack of warning and violation of the Court's order alone demonstrate that the Magistrate Judge's March 18 Order and this Court's adoption of it in its April 13 Opinion was clear legal error:

> While the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, "it is not . . . a discretion without bounds or

6

> limits." In the case of default, the "range of discretion is more narrow" than when a court imposes less severe sanctions. **In particular, this court has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction.** As we recently noted in a slightly different context, a party "is entitled to be made aware of the drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid" the sanction.

*Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (internal citations omitted, emphasis added). In *Hathcock*, the Fourth Circuit reversed the entry of default judgment by the trial court because lesser sanctions could have been imposed and no warning was given to the party that default was being considered. *Id.* at 41. "Because the court had issued only general scheduling orders in the case at bar, the lack of any advance notice is especially problematic." *Id.* at 40. Further, the Court found that the entry of default judgment was inappropriate because the trial court had not issued any lesser sanctions as a preliminary deterrent and "the [trial] court did not even issue a specific order to compel the discovery of materials to which Navistar objected." *Id.* at 41.

Likewise, in the present case, GMAC did not violate any order compelling discovery (none was issued on Plaintiffs' motion to compel) and no preliminary lesser sanctions were imposed. This is contrary to the overwhelming weight of Fourth Circuit authority. *See, e.g.*, *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n.2 (4th Cir. 1987) (reversing the entry of default and distinguishing cases in which the non-disclosing party was explicitly warned that the non-compliance would result in default explaining "No such warning was given in this case; had there been, another case would be presented."); *Malhotra v. KCI Techs., Inc.*, 240 Fed. Appx. 588, 590 (4th Cir. 2007) (vacating dismissal of an action for Rule 37 discovery abuses and stating that the court must give the non-complying party an "explicit and clear" warning of the consequences of failing to satisfy the court's orders); *Jermar, Inc. v. L.M. Communs. II, Inc.*, No.

7

98-1279, 1999 U.S. App. LEXIS 12082, at *6-7 (4th Cir. June 11, 1999) (affirming the sanction of dismissal when the district court followed the Fourth Circuit requirements for imposing such harsh sanction "to the letter" because the district court had twice warned Jermar of the risk of dismissal and, as part of its third order, in May 1997, imposed the lesser sanction of requiring Jermar to reimburse LMC for its expenses); *Zornes v. Specialty Indus.*, No. 97-2337, 1998 U.S. App. LEXIS 31686, at *17-18 (4th Cir. Dec. 21, 1998) (affirming dismissal of an action for failure to comply with the court's discovery orders when the magistrate judge gave several clear warnings, verbally and in writing, that "further discovery abuse would result in the dismissal of their actions").

The Eastern District of Virginia recently addressed the issue of default as a discovery sanction in *Montanile v. Botticelli*, 2009 U.S. Dist. LEXIS 65140 (E.D. Va. July 28, 2009). In *Montanile*, a much more extreme case with a "legion" of discovery abuses, the District Judge reversed the Magistrate's order dismissing plaintiff's claims despite plaintiff's "obdurate" refusal to comply with court orders because no clear warning about that sanction had been provided and a less harsh sanction was available. *Id.* at *10, 13, 15-16. In *Montanile*, the plaintiff had violated more than one of the Magistrate's discovery orders but the District Judge found dismissal excessive as a "first sanction" and without clear warning in advance. *Id.* at *15-16 (citing *Hathcock*, 53 F.3d at 40; *Pandolfo v. Howard Perry & Watson Realty, Inc.*, 2007 U.S. Dist. LEXIS 45889 (E.D.N.C. June 25, 2007); *PVD Plast Mould Indus., Ltd. v. Polymer Group, Inc.*, 2001 U.S. Dist. LEXIS 23804 (D.S.C. Feb. 1, 2001)).

Here, the Court had not issued any prior discovery orders on the Pilot program nor did GMAC violate any order compelling discovery. On the contrary, during the January 20 hearing, the Court clearly stated that it was not ruling on Plaintiffs' motion to compel and never mentioned default judgment as a potential sanction for non-compliance. Ex. A.. Without a

8

discovery order, without sufficient facts or legal justification, and without Plaintiffs even requesting default judgment in their motion, the Court imposed the "ultimate sanction" against GMAC, sanctions that courts uniformly reserve for the "last resort." *Id.* at *15 (quoting 7 Moore's Federal Practice § 37.50 (2009) ("[C]ourts uniformly have held that orders dismissing the action or granting judgments on default as sanctions for violating discovery orders are generally deemed appropriate only as a last resort, or when less drastic sanctions would not ensure compliance with a court's orders.")). Therefore, Defendant requests that the Court reconsider sanctioning GMAC with default judgment on fraud for non-compliance in discovery without providing clear and explicit notice, or certify the issue for interlocutory appeal.

### III. CONCLUSION

For all the reasons discussed above, Defendant GMAC respectfully requests that the Court reconsider or certify for interlocutory appeal its April 13 Opinion entering default judgment against GMAC on liability for fraud as a discovery sanction (ECF #201).

**GMAC MORTGAGE, LLC**

By: /s/ Jason E. Manning
      Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
*Counsel for Defendant GMAC Mortgage, LLC*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

**DONALD R. SCOTT and**
**MELISSA J. SCOTT,**

      **Plaintiffs,**

  v.                                          Civil Action No. 3:10-cv-24

**GMAC MORTGAGE, LLC,**

      **Defendant.**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 19th day of April, 2011, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system that will send a true and correct copy of the foregoing to the following counsel of record:

**Counsel for Plaintiffs**
Jonathan Wren
John Simpson
Martin Wren, P.C.
1228 Cedars Court
Charlottesville, Virginia 22903

      /s/ Jason E. Manning
John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
*Counsel for Defendant GMAC Mortgage, LLC*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

416930v1